**UNITED STATES BANKRUTPCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
*www.flsb.uscourts.gov*

In re:

  NOTEZ, LLC,                                          Case No. 18-19109-RAM
                                                                   Chapter 7

       Debtor.
_____/

**TRUSTEE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS UNDER**
**SUBPOENA DUCES TECUM FROM ALLURA DOV AND PAMELA N. MASON**

      MARCIA T. DUNN, the duly appointed Chapter 7 Trustee (the "Trustee") of the above-referenced bankruptcy estate (the "Estate"), by and through her undersigned counsel, seeks entry of an order compelling ALLURA DOV ("A. Dov") and PAMELA N. MASON a/k/a NAOMI DOV ("Mason") to produce all documents responsive to the Trustee's Rule 2004 Examination Notices Duces Tecum against A. Dov and Mason, and in support thereof, states as follows:

      1.      On July 27, 2018 (the "Petition Date"), NOTEZ, LLC (the "Debtor"), commenced the instant bankruptcy case with the filing of a voluntary petition for relief under Chapter 7, Title 11 of the United States Bankruptcy Code.

      2.      Marcia T. Dunn was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

      3.      The Debtor's 11 U.S.C. § 341 Meeting of Creditors was held on October 10, 2018.

      4.      On February 13, 2020, the Trustee filed her *Notice of Rule 2004 Examination Duces Tecum and Intent to Serve Subpoena* of A. Dov scheduling the examination for March 16, 2020 with documents due on March 10, 2020. *See* D.E. 74. On February 19, 2020, A. Dov was personally served with the subpoena.

5. On February 13, 2020, the Trustee filed her *Notice of Rule 2004 Examination Duces Tecum and Intent to Serve Subpoena* of Mason scheduling the examination for March 16, 2020 with documents due on March 10, 2020. *See* D.E. 73.

6. After exchanging the Trustee and A. Dov exchanged emails continuing the deposition and considering the impeding global pandemic, the Trustee and A. Dov agreed to continue and renotice the Rule 2004 examination for May 4, 2020, with documents due on April 20, 2020. *See* D.E. 75. In conjunction with the continuance of the A. Dov deposition, the Trustee continued Manson's examination. *See* D.E. 76.

7. A. Dov failed to produce documents by the extended deadline of April 20, 2020.

8. Manson failed to produce documents by the extended deadline of April 20, 2020.

9. On April 28 and 29, 2020, counsel for the Trustee exchanged emails with A. Dov regarding her failure to produce documents. A. Dov stated that she has no documents responsive to the subpoena.

10. On April 28, 2020, counsel for the Trustee spoke to Manson. Manson stated that she has no documents responsive to the subpoena.

11. To date, both A. Dov and Mason have each failed to produce any documents responsive to the requests under their respective subpoenas. There is no evidence that either A. Dov or Manson conducted any research of their emails, documents, bank accounts, or the like for the documents responsive to the subpoenas.

12. As a result of the failure to cooperate with the Trustee by failing to produce documents and information responsive to the subpoenas, the oral examinations of A. Dov and Mason will not go forward on April 28, 2020. The Trustee continued the depositions to June 2, 2020.

13. Neither A. Dov nor Mason have filed protective motions or motions to quash service.

14. Fed. R. Bankr. P. 2004 provides in relevant part:

> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code, … the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and for the production of documents … may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

Fed. R. Bankr. P. 2004.

15. Fed. R. Bankr. P. 2004 allows the Trustee to go on a general "fishing expedition," so long as the information sought relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate...." *In re MMH Auto. Group, LLC,* 346 B.R. 229, 233 (Bankr. S.D. Fla. 2006) (citing *In re Wilcher*, 56 B.R. 428 (Bankr.N.D.Ill.1985)). However, the Trustee is not fishing here: the Trustee seeks documentation examining the relationship between the Debtor, the Debtor's principal, and the Debtor's principal's family, all of which may have received money from or on behalf of the Debtor or affiliated entities.

16. The documents requested above are straightforward, and more importantly, squarely within the scope of Fed. R. Bankr. P. 2004. The Trustee requires such documents to

administer the Debtor's bankruptcy case.

17. The Trustee seeks entry of an order compelling A. Dov and Mason to produce all documents and information responsive to the Trustee's subpoenas within seven (7) days of an order granting this motion. This includes order both A. Dov and Manson to conduct an actual search of their records, emails, documents, bank statements, and the like. Further, the Trustee seeks a finding that A. Dov and/or Manson have no documents responsive to the subpoenas.

18. Further, the Trustee seeks entry of an order compelling A. Dov and Mason to appear for deposition on June 2, 2020.

## MEET AND CONFER

19. Pursuant to Local Rule 7026-1(F), undersigned counsel certifies that prior to the filing of this motion, he exchanged emails with A. Dov.

20. Pursuant to Local Rule 7026-1(F), undersigned counsel certifies that prior to the filing of this motion, he spoke with Manson on April 28, 2020. Manson stated that she has no documents responsive to the subpoena.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court enter an order: (1) granting the Trustee's Motion; (2) directing A. Dov to produce the requested information and documentation sought by the Trustee pursuant to the subpoena within seven (7) days including, without limitation, conducting an actual search of her records, emails, documents, bank statements, and the like, or make a finding that A. Dov has no documents responsive to the subpoena; (3) directing Manson to produce the requested information and documentation sought by the Trustee pursuant to the subpoena within seven (7) days including, without limitation, conducting an actual search of her records, emails, documents, bank statements, and the like, or make a finding that Manson has no documents responsive to the subpoena; and (4) granting such other and further

relief as this Court deems just and proper.

Dated: April 29, 2020　　　　　　　Respectfully submitted,

**DUNN LAW, P.A.**
*Counsel for Plaintiff, Marcia T. Dunn,*
*as Chapter 7 Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Phone: (786) 433-3866
Fax:　 (786) 260-0269
barry.turner@dunnlawpa.com

By:　*/s/ Barry S. Turner*
　　　Barry S. Turner, Esq.
　　　Fla. Bar No. 85535

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. First Class Mail, Fax, or Email, as indicated below, on April 29, 2020, upon the following:

**ALLURA DOV A/K/A ALLURA ANDINA DOV A/K/A ADINA SOSKIN**
1538 East 35 Street
Brooklyn, NY 11234-3439
**Via US Mail**

**ALLURA DOV A/K/A ALLURA ANDINA DOV A/K/A ADINA SOSKIN**
**Via Email:** adinadov@gmail.com

**PAMELA N. MANSON A/K/A NAOMI DOV**
17131 NE 11th Court
Miami, FL  33162
**Via US Mail**

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 29th day of April, 2020, upon all registered users in this case.

By:　*/s/ Barry S. Turner Esq.*
　　　Barry S. Turner, Esq.
　　　FL Bar No. 85535